UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDWIN G. LOVO, ON BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY SITUATED,        Case No:

    PLAINTIFFS                                JUDGE:

                                                    MAGISTRATE:

vs.

METAL PLUS CONSTRUCTION, L.L.C.,
and
GULF CONTRACTORS, L.L.C.,

    DEFENDANTS.

## PLAINTIFF'S FAIR LABOR STANDARDS ACT
## COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff, Edwin G. Lovo, individually and on behalf of all other similarly situated workers, and files this Collective Action Complaint pursuant to the Fair Labor Standards Act, and respectfully represents the following:

### I. PRELIMINARY STATEMENT

1.     This is a civil action brought on behalf of individuals who worked or are working for Defendants, Metal Construction Plus, L.L.C. and Gulf Contractors, L.L.C. Plaintiff complains that Defendants engaged in a pattern or practice of unlawful conduct which resulted in the violation of his, and similarly situated workers', rights under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.*

2.     Plaintiff, and similarly situated workers, regularly worked 6 to 7 days per week and 10 hours per day performing general construction, demolition and cleaning labor as workers for Defendants, Metal Construction Plus, L.L.C. and Gulf Contractors, L.L.C.

3. Plaintiff, and similarly situated workers', duties included, but were not limited to, sheetrock work, finishing and priming, ceramic tiling, cleaning services aboard docked boats, painting, roofing, demolition, and concrete work.

4. Plaintiff, and similarly situated workers, were at all times intentionally denied overtime wages by Defendants, in violation of the FLSA. At all times, Defendants were joint-employers of Plaintiff, and similarly situated workers.

5. Plaintiff seeks a declaration that his rights, and the rights of similarly situated workers, have been violated, an award of all overtime wages owed, an award of liquidated damages, an award of fees and costs to make them whole for damages they have suffered and to ensure that they and future workers will not have similar violations perpetuated against them by Defendants.

## II. JURISDICTION

6. Jurisdiction is conferred upon this Court by 29 U.S.C. §201(b), this action arising under the FLSA; by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce; and by 28 U.S.C. §1331, this action involving questions of federal law. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## III. VENUE

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendants reside in this district and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## IV. PARTIES

8. Plaintiff, Edwin G. Lovo, and all other similarly situated workers, are Defendants' former and current employees, who primarily resided and worked in and around Southeast Louisiana.

9. Defendants, Metal Plus Construction, L.L.C., is a Louisiana corporation whose principal place of business is 107 H Street, Belle Chasse, Louisiana, 70037, and whose registered agent and manager is Pedro Silva, Jr.

10. Defendants, Gulf Contractors, LLC, is a Louisiana corporation whose principal place of business is 10856 Belle Chasse, Louisiana, 70037, and whose registered agent is John Sercovich and whose registered manager is John W. Sercovich.

## V. GENERAL ALLEGATIONS

11. Upon information and belief, Defendants, Metal Plus Construction, L.L.C. and/or Gulf Construction, LLC were contracted by various entities to provide services which included, but were not limited to, sheetrock work, finishing and priming, ceramic tiling, cleaning services aboard docked boats, painting, roofing, demolition, and concrete work.

12. Defendants, Metal Plus Construction, L.L.C. and Gulf Construction, LLC hired Plaintiff, and all other similarly situated workers, to provide labor for the completion of services reference in paragraph 10.

13. Defendants, Metal Plus Construction, L.L.C. and Gulf Construction, LLC controlled or supervised the work performed by the Plaintiff, and other similarly situated workers.

14. Plaintiff, and other similarly situated workers, provided manual labor for Defendants for the completion of Defendants' contracts with public and private entities.

15. Plaintiff, and other similarly situated workers, routinely worked for Defendants in excess of 40 hours per week.

16. Defendants did not pay Plaintiff overtime wages as required under the FLSA for the hours worked in excess of 40 hours per seven day workweek.

17. At all times relevant to this action, Defendants employed Plaintiff, and other similarly situated workers, within the meaning of the FLSA, 29 U.S.C. § 203(g).

18. At all times relevant to this action, Plaintiff, and other similarly situated workers, were employees of the Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

19. At all times relevant to this action were employers of Plaintiff, and other similarly situated workers, within the meaning of the FLSA, 29 U.S.C. § 203(d).

## VI. COLLECTIVE ACTION ALLEGATIONS

20. All claims set forth in Count I of this action are brought pursuant to the FLSA, 29 U.S.C. §216(b).

21. Named Plaintiff brings this count on his own behalf and on behalf of all other individuals who (1) worked or are working for Defendants, Metal Plus Construction LLC and Gulf Construction, LLC, performing manual labor whether directly or indirectly through subcontractors during the three years directly preceding the date of the filing of this action, and (2) who are or were eligible for overtime pursuant to the FLSA, 29 U.S.C. § 207 and who did not receive overtime pay. Named Plaintiff does not bring Count I on behalf of any executive, administrative, and professional employees exempt from coverage under the FLSA.

22. Plaintiff was hired by Defendants to fill Defendants' need for manual labor in the completion of their contracts and the fulfillment of their business responsibilities.

23. With respect to Count I, a collective action under the FLSA is appropriate because the Plaintiff and other workers are "similarly situated" within the meaning of the FLSA, 29 U.S.C. 216(b).

24. The class of individuals on behalf of whom the named Plaintiff brings this collective action, are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiff, were or are subject to the same or similar unlawful practices, policy or plan as the individually named Plaintiff, and their claims are based upon the same legal theories as those of the named Plaintiff.

25. The precise number of individuals in the class is known only to the Defendants.

26. The Plaintiff seeks to represent a class consisting of:

    "All individuals who worked or are working for Defendants, Metal Plus Construction LLC and Gulf Contractors, LLC, performing manual labor whether directly or indirectly through subcontractors during the three years directly preceding the date of the filing of this action, and who are or were eligible for overtime pursuant to the FLSA, 29 U.S.C. § 207 and who did not receive overtime pay."

27. There are questions of fact common to the class. The common questions of fact include, but are not limited to:

    a. whether the Defendants engaged in a pattern or practice of failing to pay Plaintiff, and all similarly situated workers, overtime wages for all hours worked in excess of 40 hours per workweek as required by the FLSA;

    b.    whether Plaintiff and members of the proposed class are entitled to actual or liquidated damages and other requested relief;

    c.    whether Plaintiff and members of the proposed class were "suffered or permitted to work" by Defendants during the relevant time period.

28. There are questions of law common to the class. The common legal questions include whether the Defendants' actions violated the FLSA and whether any such violations were willful within the meaning of the statute.

29. The claims of the named Plaintiff are typical of those of the proposed class members, and these typical, common claims predominate over any questions affecting only individual class members. The named Plaintiff has the same interests as do the other members of the class and will prosecute these interests on behalf of the class members.

30. A collective action is superior to other available methods of adjudicating the controversy concerning the Defendants' alleged violations of the FLSA because, inter alia:

    a.    The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

    b.    Many members of the class are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

    c.    There has been no litigation already commenced against the Defendants by the class members to determine the questions presented;

    d.    It is desirable that the claims be heard in this forum since the Defendants are subject to the court's jurisdiction, and the actions giving rise to the claim occurred in this district.

## VII. COUNT I

### Violation of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

31. Plaintiff incorporates paragraphs 1-30 above.

32. Pursuant to 29 U.S.C. § 216(b), the named Plaintiff has consented in writing to be a party plaintiff in this FLSA action. His written consent is attached to this complaint as Exhibit 1 and incorporated herein.

33. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of FLSA, 29 U.S.C. § 203(g).

34. The FLSA requires an employer to pay employees the federally mandated overtime wage rate of one and half times their regular rate of pay for every hour worked in excess of 40 hours per 7 day workweek, 29 U.S.C. § 206.

35. The Defendants violated the FLSA by failing to pay the Plaintiff the overtime wage rate for all hours worked in excess of 40 hours per workweek.

36. Plaintiff is a victim of a uniform and company-wide policy which operates to compensate him at a rate less than the federally mandated overtime wage rate. This uniform policy, in violation of the FLSA, has been and continues to be applied to all individuals who have worked or are working as manual laborers for Defendants.

37. Defendants' violation of the FLSA were willful.

38. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages plus and additional equal amount in liquidated damages, costs, and reasonable attorney's fees.

39. As a result of Defendants' violation, the Plaintiff, and all members of the class, are entitled to unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for Judgment:

A. Certifying this case as a collective action in accordance with 29 U.S.C. §216(b) with respect to the FLSA claims set forth in Count 1;

B. Ordering Defendants, Metal Plus Construction, LLC and Gulf Contractors, LLC, to disclose in a computer readable format, or in print if no such format is available, the names and addresses of all those individuals who are similarly situated to Plaintiff, and permitting Plaintiff to send notice of this action to all those similarly situated individuals;

C. Declaring that Defendants willfully violated the Fair Labor Standards Act and their attendant regulations as set forth in Count I;

D. Granting judgment in favor of Plaintiff and against Defendants, jointly and severally, on the Plaintiff's Fair Labor Standards Act claim set forth in Count I and awarding him the amount of his unpaid overtime wages, along with an equal amount as liquidated damages;

E. Awarding Plaintiff the cost of this action;

F. Awarding reasonable attorney's fees with regard to Plaintiff's claim under the Fair Labor Standards Act;

G. Whatever additional relief the Court deems just and proper.

Respectfully submitted,

WALTZER WIYGUL & GARSIDE, LLC

_____
MAURICIO SIERRA #35560
CLAY GARSIDE, LSBA #29873
14399 Chef Menteur Hwy., Suite D
New Orleans, Louisiana 70129
Telephone: (504) 254-4400
Facsimile: (504) 254-1112

**PLEASE SERVE:**

**Metal Plus Construction, LLC**
Through its Registered Agent for service:
Pedro Silva, Jr.
107 H Street
Belle Chasse, Louisiana 70037

And;

**Gulf Contractors, LLC**
Through its Registered Agent for service:
John Sercovich
4001 Woodland Highway
Belle Chase, Louisiana 70037

**CONSENT TO BECOME PARTY PLAINTIFF AND PROSECUTE CLAIM FOR COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT**

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* against my former employers, Metal Plus Construction, LLC and Gulf Construction, LLC, to recover overtime pay owed to me.
2. During the past three years, I did not receive proper compensation for all of my overtime hours worked.
3. If this case does not proceed collectively, then I also consent to maintain these claims individually against Metal Plus Construction, LLC. and Gulf Construction, LLC.
4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter in writing.
5. I understand that I will be represented in this action by Mauricio Sierra and Clay Garside, through the law firm of Waltzer Wiygul & Garside LLC.

Date: 11-10-14

Edwin Lovo
Print Name

_____
Signature

**CONSENTIMIENTO PARA SER PARTIDO DEMANDANTE Y PROCESAR EL RECLAMO DE COMPENSACIÓN BAJO LA LEY DE NORMAS JUSTAS LABORALES**

1. Doy mi consentimiento para hacer una reclamación bajo la Ley de Normas Justas Laborales, 29 U.S.C. § 201*et.seq.* en contra de mi ex empleador, Metal Plus Construction, LLC y and Gulf Construction, LLC, para recuperar pago de horas extras que se me debe.
2. Durante los últimos tres años, no he recibido compensación adecuada para todos mis horas extras trabajadas.
3. Si este caso no procede colectivamente, entonces yo también consiento a seguir esta acción individualmente para afirmar estas demandas contra metal Plus Construction, LLC y and Gulf Construction, LLC
4. Entiendo que puedo retirar mi consentimiento para continuar con mis reclamaciones en cualquier momento mediante notificación escrito a los abogados que manejan el asunto.
5. Entiendo que voy a estar representado en esta acción por Mauricio Sierra y Clay Garside, a través del bufete de abogados de Waltzer Wiygul y Garside LLC.

Fecha: 11-10-14

Edwin Lovo
Nombre Escrito

_____
Firma



PLAINTIFF'S EXHIBIT "1"